DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HARTHMAN LEASING III, LLLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:22-cv-0025 |
| v. | ) |
| | ) |
| FIRSTBANK PUERTO RICO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

APPEARANCES:

KANAAN L. WILHITE, ESQ.
MOORE DODSON RUSSELL & WILHITE, P.C.
ST. THOMAS, U.S. VIRGIN ISLANDS
    FOR PLAINTIFF HARTHMAN LEASING III, LLLP,

CHRISTOPHER ALLEN KROBLIN, ESQ.
EDWARD B. REYNOLDS, JR., ESQ.
KELLERHALS FERGUSON KROBLIN PLLC
ST. THOMAS, U.S. VIRGIN ISLANDS
    FOR DEFENDANT FIRSTBANK PUERTO RICO.

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

    **BEFORE THE COURT** is the motion and accompanying brief in support thereof of Defendant, FirstBank Puerto Rico ("FirstBank"), to dismiss the complaint based upon failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6), filed on April 21, 2022. (ECF Nos. 4 and 5.) Plaintiff, Harthman Leasing III, LLC ("Harthman"), filed an opposition to the motion on May 30, 2022, (ECF No. 10), and Defendant filed a reply thereto on June 3, 2022. (ECF No. 12.) This matter is ripe for adjudication. For the reasons stated below, the Court will grant, in part, and deny, in part, the motion to dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    This case arises out of orders of eviction entered in favor of Harthman and against FirstBank in the Virgin Islands Superior Court and proceedings relating thereto. Complaint

(Compl.) (ECF No. 1-1) at ¶¶ 4-8. As the parties are familiar with the facts of this case, the Court will recite only those facts material to the instant motion.

Harthman alleges in its Complaint that, despite three orders of eviction, Defendant continues to maintain possession of the property at issue. *Id*. at ¶¶ 6, 61-62. Harthman primarily seeks the "profits" obtained by FirstBank as a result of its continued use and possession of the property at issue and the interest thereon during the pendency of the appeals of the various Superior Court orders. *Id*. at ¶¶ 62-66. Harthman also requests other relief and asserts six separate claims against Defendant: Action for Mesne Profits/Debt (Count I); Trespass/Conversion (Count II); Unjust Enrichment (Count III); Disgorgement (Count IV); Waste (Count V); and Accounting and Receiver (Count VI).

Harthman originally filed this case in the Virgin Islands Superior Court on March 6, 2022. FirstBank removed the matter to this Court on April 9, 2022. The parties stipulated to extend the time for FirstBank to file an answer or otherwise respond to the complaint to April 21, 2022. *See* ECF No. 3. FirstBank filed the instant motion to dismiss on April 21, 2022. (ECF No. 4.)

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Insurance Brokerage Antitrust Litig.*, 618 F. 3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party*. Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010). *See also Ainger v. Great Am. Assur. Co*., Civil Action No. 2020-0005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 2022) ("At the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' . . . However, courts may also consider 'an undisputedly authentic document that a defendant attaches as

an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993)) and (collecting cases))).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

Plaintiff alleges that it is entitled to possession of certain real property held by Defendant in violation of orders of eviction entered by the Superior Court of the Virgin Islands. Compl. at ¶¶ 61-62. While the parties await further rulings from the Superior Court related to the eviction proceedings, Plaintiff has brought this action to recover damages that it contends are unavailable as part of the eviction proceedings.

At the outset, the Court addresses Plaintiff's objection to Defendant's reliance upon the proceedings between the two parties in the Superior Court and documents filed in those

matters. *See* Harthman's Opposition to FirstBank's Motion to Dismiss (Opp'n) (ECF No. 10) at 4-6. It is well established that "[a]t the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Ainger v. Great Am. Assur. Co.*, Civil Action No. 2020-00005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 22, 2022) (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Further, Plaintiff acknowledges, indeed it cannot dispute, that the record and court docket in the Superior Court proceedings are matters of public record. Thus, the Court will refer to and consider documents contained in the Superior Court record in the case bearing the caption *FirstBank Puerto Rico v. Harthman Leasing III, LLLP*, Case No. ST-2012-CV-00273 (V.I. Super. Ct.), particularly the orders entered, which have been stayed pending appeal.

### A. Count I – Action for Mesne Profits/Debt[1]

The Court was unable to locate any Virgin Islands law regarding the definition and/or elements of a claim for "mesne profits." The Third Circuit Court of Appeals has adopted the following definition: "Mesne profits are '[t]he profits of an estate received by a tenant in wrongful possession between two dates.'" *Pocono Realty Co. v. Lamar Adver. Co.*, 395 F. App'x 903, 904 n.2 (3d Cir. 2010) (quoting *Black's Law Dictionary* 1329 (Bryan A. Garner ed., 9th ed. 2009)).

In support of its claim, Harthman alleges:

71. Any profits gained or realized by FirstBank as a result of its use, possession or occupation of Parcels 17B, 17C and 17D during the pendency of its appeals of the Orders of Eviction properly belong to Harthman as the owner of the Property.

72. Those profits constitute a debt FirstBank owes to Harthman.

---

[1] The claims for unjust enrichment (Count III of the Complaint) and disgorgement (Count IV of the Complaint) also seek "profits." *See* Complaint at ¶ 82 ("Harthman is entitled to recover the value of the profits FirstBank has received because of FirstBank's wrongful possession.") and at ¶ 88 ("FirstBank must be ordered to disgorge any profits it has received as a result of its conscious and wrongdoing[,] and Harthman should be restored the profits from FirstBank's use, possession and occupancy of the Property."). It appears to the Court that the claim for mesne profits is, in reality, just a more defined claim for unjust enrichment, that is, the unjust enrichment is specifically the profits of Defendant as a tenant in wrongful possession, and that disgorgement of those profits is the remedy. Thus, the Court finds that these three separately pleaded claims can be combined into one claim, namely, for mesne profits/unjust enrichment. Consequently, the Court will dismiss Counts III and IV and allow Plaintiff to replead Count I.

Compl. at ¶¶ 71-72. FirstBank moves to dismiss this claim, contending that, by failing to request mesne profits in the underlying eviction proceedings, Harthman has waived such relief. Brief in Support of Motion to Dismiss Complaint (Brief) (ECF No. 5) at 5-7. FirstBank also argues that this relief is inappropriate in the context of the underlying action and that Harthman's request is premature given that the underlying eviction actions and declaratory judgment action remain on appeal with Supreme Court of the Virgin Islands. *Id*. at 7-8.[2] Harthman maintains that this claim was not considered by the Superior Court and, in fact, that Harthman was instructed by the Superior Court that it must bring a separate action. Opp'n at 5, 7-10.

Even though Harthman requested disgorgement of profits by motion and not as a counterclaim or affirmative defense in the Superior Court proceeding,[3] the court initially granted the motion and awarded Harthman disgorgement of profits. *See* Order, dated June 4, 2021, Case No. ST-2012-CV-00273, Docket Entry 187. Thereafter, FirstBank moved for reconsideration of the said order on the grounds that the award of profits was improper in that case because FirstBank was not a "conscious wrongdoer" and because Harthman has an "adequate remedy at law." *See* Order, dated November 2, 2022, Case No. ST-2012-CV-00273, Docket Entry 214 (a copy of which is attached to Defendant's motion at attachment #3 – Exhibit C (ECF No. 4-3)).[4] Upon reconsideration, the court determined that it had erred and reversed the portion of its previous order awarding disgorgement of profits to Harthman. *Id*. The court also entered an amended findings of fact and conclusions of law that accompanied the Judgment. *See* Amended Findings of Fact and Conclusions of Law (a copy of which is

---

[2] Although the final calculation of profits, i.e., damages, may not be ascertainable until Harthman regains possession of the property, as FirstBank claims, Reply to Opp'n to Mot. to Dismiss Compl. (ECF No. 12) at 4, such fact does not render the claim itself premature.

[3] In this declaratory judgment action brought by FirstBank, FirstBank sought clarification as to the parcels covered by the lease agreement, as amended, and, by extension, rents owed to Harthman. After trial, Judge Mackay entered a Judgment declaring that parcel 17E was never part of the leased premises, awarding possession of the property at issue to Harthman, and awarding damages in the amount of $ 6,257,275.39 to Harthman. *See* Judgment, dated June 4, 2021, Case No. ST-2012-CV-00273, Docket Entry 186.

[4] Having reviewed the case docket, the Court was unable to locate the motion for reconsideration. It appears that the wrong motion is docketed in the public electronic docket. Harthman notes in its opposition that the motion for reconsideration was filed June 25, 2021. Harthman's Opp'n to FirstBank's Mot. for Reconsideration at 1, dated July 16, 2021, Case No. ST-2012-CV-00273, Docket Entry 197. The only entry in the record for the date June 25, 2021, Docket Entry 189, is a document titled Motion to Stay Execution and Enforcement of Judgment, which appears nearly identical to the Motion to Stay June 4, 2021 Order, dated July 6, 2021, appearing at Docket Entry 194.

attached to Defendant's motion at attachment #4 – Exhibit D (ECF No. 4-4)). The "adequate remedy at law" identified by the court was the bringing of a new action to recover the profits. ECF No. 4-3 at 6. Thus, Plaintiff filed this case in response to the Superior Court's finding and reconsideration of its original Order granting profits. In view of these facts and circumstances, the Court finds that Plaintiff has not waived its claim to mesne profits.

FirstBank relies upon *Wilkerson v. Gibbs*, 405 So. 2d 1053 (Fla. Dist. Ct. App. 1981), to support its position that the claim is inappropriate. *See* Brief at 6. However, such reliance is misplaced. The *Wilkerson* court was applying a specific Florida statute that combined causes of action for both eviction/ejectment and damages; whereas, the applicable Virgin Islands statutes and caselaw are not analogous. Moreover, the 2017 Superior Court case was an action for declaratory judgment brought by FirstBank and was treated by the Superior Court as a proceeding in equity. The Superior Court ultimately deemed the claim for mesne profits inappropriate in that case because the court determined that the claim was more appropriately treated as one proceeding at law and should be brought in a separate action. *See* ECF No. 4-3.

The Illinois case cited by FirstBank in support of its argument that this claim is premature likewise is inapposite. Brief at 8. Again, that jurisdiction is governed by statute(s) where all claims relating to the eviction action are to be heard at the same time. The proceedings between the parties herein have been ones brought for forcible entry, where damages claims are not allowed, and for declaratory judgment, which was treated by the Superior Court as a proceeding in equity, and where the claim for mesne profit was deemed inappropriate by the Superior Court because the court determined that the claim should be brought in a proceeding at law. *See* ECF No. 4-3.

FirstBank also argues that this claim is barred by the "gist of the action" doctrine. Brief at 9. The Supreme Court of the Virgin Islands very recently addressed the gist of the action doctrine and has concluded that "the gist of the action doctrine does not represent the soundest rule for the Virgin Islands." *Robertson v. Banco Popular De P.R.*, S. Ct. Civil No. 2022-0026, 2023 VI 3, at ¶ 38 (2023). In view of the Virgin Islands Supreme Court's rejection of the doctrine, the Court finds that any argument seeking dismissal on the gist of the action doctrine is without merit.

The Court now turns to whether Harthman states a plausible claim for mesne profits/ unjust enrichment. In the Virgin Islands, the elements of a claim for unjust enrichment include:

> (1) that the defendant was enriched, (2) that such enrichment was at the plaintiff's expense, (3) that the defendant had appreciation or knowledge of the benefit, and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff.

*Walters v. Walters*, 60 V.I. 768, 779-80 (2014) (where the court "reformulates" the elements of the cause of action after conducting a *Banks* analysis) (footnote omitted). Here, accepting the factual allegations of the complaint as true and construing all reasonable inferences in favor of Plaintiff, the Court finds that Harthman has alleged a plausible claim for mesne profits/unjust enrichment and will deny FirstBank's motion as to Count I.

### B. Count II – Trespass/Conversion

For its second claim, Plaintiff alleges that

> 75. FirstBank has intentionally entered and remained on Harthman's Property without Harthman's permission. . . .
>
> 77. FirstBank uses, occupies and profits from its unlawful possession of Harthman's property and has converted those revenues and profits to its own use without Harthman's permission.

Compl. at ¶¶ 75 and 77.

Regarding the claim of trespass, the Superior Court of the Virgin Islands observes:

> Although not expressly defined in the Virgin Islands code, courts in the Virgin Islands recognize civil trespass and have acknowledged that "all jurisdictions recognize a cause of action against one who intentionally enters onto the property of another, intentionally places something on the property of another without permission, or intentionally removes something from the property of another without permission." In *Anduze v. Leader*, the Superior Court of the Virgin Islands performed a *Banks* analysis to determine the soundest rule for trespass for the Virgin Islands:
>
>> A defendant will be liable to a plaintiff for trespass if the defendant: (1) intentionally enters onto the plaintiff's property without the plaintiff's permission; (2) remains on plaintiff's property without plaintiff's permission despite being obligated to leave; (3) places something on the plaintiff's property without the plaintiff's permission; or (4) removes something from the plaintiff's property without the plaintiff's permission.

¶17 In *Alleyne v. Diageo USVI, Inc.*, the Superior Court recognized intentional trespass and negligent trespass as separate torts. The Court adopted the definition of intentional trespass from the Restatement (Second) of Torts:

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in possession of the other, or causes a thing or third person to do so or, (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove.

*Bassil v. Klein*, 75 V.I. 19, 33-34 (Super. Ct. 2021) (citing *Anduze v. Leader*, 63 V.I. 347 (Super. Ct. 2015) and *Alleyne v. Diageo USVI, Inc.*, 63 V.I. 384 (Super. Ct. 2015)) (footnotes omitted).[5] Based upon these holdings, the Court concludes that the tort of trespass upon land is a cognizable claim in the Virgin Islands. Further, accepting the allegations of the complaint as true and drawing all reasonable inferences in favor of Harthman, the Court finds that Harthman has plausibly pled a claim for trespass.

FirstBank contends that Counts II-VII are barred by the doctrine of *res judicata*. Brief at 8-9.[6] In response, Harthman states, "In this case, res judicata is inapplicable because Harthman's claims against FirstBank are completely new and different, and arise out of a different occurrence than either the Superior Court case or the Magistrate case." Opp'n at 14.

The Virgin Islands Supreme Court has held that:

> to bar the relitigation of a claim under the doctrine of res judicata, an asserting party must demonstrate: (1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with the parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as those in the prior action.

---

[5] While it is true that Harthman consented to FirstBank's presence as assignee of East End Plaza, LLC, Compl. at ¶ 35, the facts also are clear that Harthman withdrew that consent when it alleged FirstBank breached the lease agreement, brought eviction proceedings against FirstBank, and obtained more than one order of eviction against FirstBank. *See World Fresh Market, LLC v. Jolly*, Case No. ST-21-CV-163, 2022 VI SUPER 75U, at *¶ 15 (Sept. 1, 2022) (where the court cites to RESTATEMENT (SECOND) OF TORTS § 158 (1965), cmt. l, which "states that a trespass on land may be by a failure of the actor to leave the land of which the other is in possession, or a part of such land. If the possessor of the land has consented to the actor's presence on the land, his failure to leave after the expiration of the license is a trespass (see §§ 171 and 176) unless his continued presence on the land is otherwise privileged, or unless it amounts to a disseisin (see § 162, Comment c). *Id.* So too, if the actor has intruded in the exercise of a privilege conferred by law irrespective of the possessor's consent, he becomes a trespasser by remaining upon the land after the purpose for which the privilege has been given has been accomplished. *Id.*").

[6] Alternatively, FirstBank moves to dismiss Count II on the grounds of the "gist of the action." Brief at 9. As noted herein, the gist of the action doctrine has been rejected by the Supreme Court of the Virgin Islands; thus, it is inapplicable, here, and the Court declines to consider it.

*Stewart v. Virgin Islands Board of Land Use Appeals*, 66 V.I. 522, 533 (2017) (citing *Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 255 (2014)). The *Stewart* court continues, "In making this determination, most courts apply one of two common law tests: the same evidence test or the transactional test . . .. We believe that the transactional test represents the soundest rule for the Virgin Islands." *Stewart*, 66 V.I. at 540, 542. The court then explains:

> Under this test,
>
>> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out of the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first place, and involves evidence different from the evidence relevant to the first case.
>
> *Kendall*, 617 A.2d at 547 (citations and internal quotation marks omitted). In applying this test, the court must pragmatically consider "whether the [connected operative] facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *River Park*, 703 N.E.2d at 312 (citation and internal quotation marks omitted).

*Id.* at 543. In addition, the *Stewart* court adopted the "bright-line rule that res judicata does not apply to claims arising from events occurring after the filing of the prior complaint." *Id*. at 545.

In the matter at bar, Harthman contends, and the Court agrees, that its claim for trespass did not arise until after the entry of Judgment in the Superior Court case, Case No. ST-2012-CV-00273, where at issue was "FirstBank's possession of Harthman's property as the successor tenant to EEP's lease. In that case, FirstBank held Harthman's land pursuant to a leases and various contracts, and Harthman sought and successfully obtained FirstBank's eviction . . .." Opp'n at 14-15. Only after the Judgment awarding possession of the property at issue to Harthman was entered and FirstBank's continuing to possess the property despite such Judgment did Harthman's claim for trespass arise. Consequently, the Court finds that this claim is not barred by the doctrine of *res judicata*.

Harthman offers the alternative claim of conversion in the title of this count. This tort was treated to a *Banks* analysis by the Superior Court of the Virgin Islands in *Isaac v. Crichlow*, 63 V.I. 38 (Super. Ct. 2015), where it opines:

> RESTATEMENT (SECOND) OF TORTS § 222A reflects the common law of this jurisdiction. The Restatement defines conversion as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." RESTATEMENT (SECOND) OF TORTS § 222A.

*Isaac*, 63 V.I. at 58-59. Stated in a slightly different way: "'The elements of conversion require that a defendant be proved to have "intentionally or wrongfully exercise[d] acts of ownership, control or dominion over *personal property* to which he has no right of possession at the time . . ..'" *Franken v. Sisneros*, Case No. ST-15-CV-88, 2016 V.I. LEXIS 248, at *8 (Super. Ct. Apr. 18, 2016) (quoting *Ross v. Hodge*, 58 V.I. 292, 308 (V.I. 2013) (emphasis added by the *Franken* court)). Because the claim at issue, here, involves the unlawful possession of real property, the claim for conversion is inapplicable. Thus, the Court finds that Plaintiff may assert a claim for trespass only and not for conversion.[7]

## C. Count V – Waste

For its waste claim, Harthman alleges:

91. As the wrongful possessor of Harthman's Property, FirstBank owes Harthman a duty of care for the property and the improvements thereon.
92. On information and belief, FirstBank has knowingly failed to adequately care and maintain the Harthman Property while it has wrongfully possessed and occupied said Property, constituting waste.
93. As a direct and proximate result of FirstBank's waste of the Property, Harthman has and will suffer compensatory, incidental, and consequential damages in amount to be    proven at trial . . . .

Compl. at ¶¶ 91-93.

FirstBank seeks to dismiss this claim, alleging that the claim is "insufficiently plead [sic]." Brief at 13. Defendant's citation to *First American Development Group/Carib, LLC v. WestLB AG*, 53 V.I. 107, 127 (Super. Ct. 2010), and the reference therein to RESTATEMENT

---

[7] Even if the alleged conversion involves possession or control over chattel and/or personal property, because Harthman frames the conversion claim as that of FirstBank converting revenues and profits from the continued use and possession of the property, the Court finds that the claim echoes and is redundant to Harthman's claim for mesne profits/unjust enrichment.

(THIRD) OF PROPERTY: MORTGAGES § 4.6(a) is unhelpful, however, not only because it speaks to a mortgagee/mortgagor relationship which is not involved in the matter at bar, but also because of the Virgin Islands Supreme Court's holding in *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (2011), requiring a court not to apply blindly the Restatements of Law, but to engage in a three-part *Banks* analysis of an issue of common law. In the absence of a *Banks* analysis and, further, a ruling of the Supreme Court of the Virgin Islands, the opinion of *First American* and its application of RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 4.6(a) is not binding, and the Court is free to disregard it.

The law and caselaw in the Virgin Islands pertaining to the tort of waste is, to put it mildly, sparse. The Court was unable to locate any statutory or precedential rulings defining the tort. In a statute titled, "Action for waste; treble damages, forfeiture, and eviction," the Virgin Islands Code provides:

> If a guardian or a tenant in severalty or in common for life or for years, of real property, commits waste thereon, any person injured thereby may maintain an action for damages therefor against such guardian or tenant. In such action there may be judgment for treble damages, forfeiture of the estate of the party committing or permitting the waste, and of eviction from the property. Judgment of forfeiture and eviction shall only be given in favor of the person entitled to the reversion against the tenant in possession when the injury to the estate in reversion is determined in the action to be equal to the value of the tenant's estate or unexpired term, or to have been done or suffered in malice.

28 V.I.C. § 334. This provision seemingly provides a remedy without defining the cause of action. This Court, in *CBI Acquisitions, LLC v. Morrisette*, 2014-cv-49, 2016 U.S. Dist. LEXIS 135639, at *9 (D.V.I. Sept. 30, 2016), one of the two cases located that cite the said statute, did not reach the issue of waste because the Court, there, determined that the plaintiff failed to allege the first element appearing in the statute, that is that the defendant "is a guardian or a tenant in severalty or in common for life or for years." In the other case, *Turnbull v. Turnbull*, 71 V.I. 96, 109 (Super. Ct. 2019), the Superior Court of the Virgin Islands applied the provision after concluding that the plaintiffs had proved "defendants' culpability through principles of negligence," *id.*, at 108, but fails to define waste as it is used in the statute, only declaring that "this Court finds it necessary to award treble damages in accordance with 28 V.I.C. § 334 because of Defendant Karen Turnbull-Wheatley's egregious, reprehensible

behavior and continued defiance of this Court's Orders and the perplexing silence of the other Defendants demonstrating their utter lack of concern in this matter." *Id*. at 109.

Given the scarcity of Virgin Islands authority regarding the tort, the Court turns to Black's Law Dictionary for guidance, which defines waste as, in pertinent part: "Permanent harm to real property committed by a tenant (for life or for years) to the prejudice of the heir, the reversioner, or the remainderman. . . ." *Waste*, *Black's Law Dictionary* (11th ed. 2019). *See, e.g., Kiser v. CMH Homes, Inc.*, Civil Action No. 5:11cv00005, 2011 U.S. Dist. LEXIS 49250, at *8-9 (W.D. Va. May 9, 2011) (where the court employs the Black's Law Dictionary definition: "Waste is the 'destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person rightfully in possession, but who has not the fee title or the full estate.' Chosar Corp. v. Owens, 235 Va. 660, 663, 370 S.E.2d 305, 4 Va. Law Rep. 3189 (1988) (quoting BLACK'S LAW DICTIONARY 1425 (5th ed. 1979).)"); *Independence Lead Mines Co. v. Hecla Mining Co.*, 137 P.3d 409, 416 (Idaho 2006) (where the court relies upon the Black's Law Dictionary definition: "The tort of waste is defined as an "action or inaction by a possessor of land causing unreasonable injury to the holders of other estates in the same land." Black's Law Dictionary 1589 (6th ed. 1990)").

In its complaint, Harthman baldly alleges that Defendant has failed to "adequately care [sic] and maintain the Harthman Property . . .." Compl. at ¶ 92. The Court finds this statement, without any other facts demonstrating or describing the injury to the property, is merely a conclusion, which the Court is free to overlook. Consequently, even assuming *arguendo* that the tort of waste is a cognizable claim in the Virgin Islands, the Court finds that, having pled no other facts in support of its claim for waste, Harthman has failed to state a claim and will grant FirstBank's motion as to this count.

### D. Count VI – Accounting and Receiver

Harthman asserts that its "damages continue to increase beyond the Jury's Verdict" rendered in the Superior Court Case No. ST-2012-CV-00273 and that a "Receiver needs to be appointed to manage, collect rents, and pay the expenses of EEP, all while ensuring that FirstBank does not profit from or commit waste on the property . . . ." Compl. at ¶¶ 96-97. Harthman then alleges that the "first step in the appointing of a Receiver must be an

accounting . . . ." *Id*. at ¶ 98. However, both an equitable accounting and the appointment of a receiver are remedies, not causes of action. *See, e.g., Todd v. Blake*, Civil No. 3:17-cv-0012, 2023 U.S. Dist. LEXIS 52715, at *7 (D.V.I. Mar. 28, 2023) ("During the telephonic status conference held on November 2, 2022, Todd conceded that the action for an accounting as alleged in Count Five was a remedy and agreed that the claim should be dismissed."); *People of the Virgin Islands v. Alkhatib*, 53 V.I. 131, 137-38 (Super. Ct. 2010) ("The appointment of a receiver 'like an injunction, [is] an extraordinary remedy, and ought never be made except in cases of necessity, and upon a clear and satisfactory showing that the emergency exists, in order to protect the rights of the plaintiff in the property involved.'" (quoting *Zinke-Smith, Inc. v. Marlowe*, 323 F. Supp. 1151, 1151 (D.V.I. 1971)); *Isaac v. Crichlow*, 63 V.I. 38, 68-69 (Super. Ct. 2015) ("'An equitable accounting is a remedy of restitution where a fiduciary defendant is forced to disgorge gains received from the improper use of the plaintiffs property or entitlements.'" (quoting *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 5 F. Supp. 2d, 324, 327 (D.V.I. 1998)). Consequently, the Court will dismiss this count of the complaint.

## IV. CONCLUSION

As fully set forth herein, the Court finds that Harthman has alleged plausible claims for mesne profits/unjust enrichment and trespass. The Court, however, will dismiss Harthman's claims for conversion, disgorgement, waste, accounting, and the appointment of a receiver. Therefore, the Court will grant, in part, and deny, in part, Defendant's motion to dismiss. An appropriate Order follows.

**Dated:** April 20, 2023      /s/ *Robert A. Molloy*
                              **ROBERT A. MOLLOY**
                              **Chief Judge**