**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **HARTHMAN LEASING III, LLLP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:22-cv-00025-RAM-RM |
| v. ) | |
| ) | |
| **FIRSTBANK PUERTO RICO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is Plaintiff's Motion for Reconsideration of Order Dated April 20, 2023[,] and Motion for Leave to Amend the Complaint (Mot.) (ECF No. 46), filed May 4, 2023. Defendant filed an opposition to the motion, *see* ECF No. 47, and Plaintiff filed a reply in support of its motion. *See* ECF No. 49. This matter is ripe for adjudication. For the reasons stated below, the Court will grant the motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of orders of eviction entered in favor of Plaintiff and against Defendant in the Virgin Islands Superior Court and proceedings relating thereto. Complaint (Compl.) (ECF No. 1-1) at ¶¶ 4-8. As the parties are familiar with the facts of this case and the Court previously set forth the facts relating to the motion to dismiss (*see* ECF No. 42 at 2), the Court will not reiterate them, here.

As the record shows, Defendant moved to dismiss the complaint against it, *see* ECF No. 4, which the Court granted in part and denied in part. *See* Order (ECF No. 43), entered April 20, 2023. Plaintiff now moves the Court to reconsider part of that Order, specifically, the Court's dismissal of Plaintiff's claim for waste. Mot. at 1.[1] Defendant opposes the motion on the grounds that Plaintiff fails to establish that it is entitled to reconsideration and that

---

[1] Plaintiff also moves to amend the complaint. However, the Court grants leave to amend the complaint as part of the Order at issue. Upon reconsideration, the Court addresses the claim Plaintiff desires to amend. Thus, the Court need not analyze this request to amend separately.

*Harthman Leasing III, LLC v. FirstBank Puerto Rico*
Case No. 3:22-cv-0025
Order
Page 2 of 6

Plaintiff has not proposed allegations sufficient to warrant amending the complaint.[2] Opposition to Motion for Reconsideration of Order (Opp'n) (ECF No. 47) at 2-3, 5.

## II. LEGAL STANDARD

The Court's Local Rules of Civil Procedure provide:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

LRCi 7.3(a).[3] Under this rule, a motion for reconsideration must be filed within 14 days of entry of the order or decision unless the time is extended for good cause shown. *Id.*; LRCi 6.1(b)(3). Plaintiff's motion is timely.

The first rationale a court may employ to reconsider an order or decision, an intervening change in controlling law, is self-explanatory and not asserted as grounds for Plaintiff's motion currently before the Court.

The second basis provided in the rule, the availability of new evidence, has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that "new evidence," for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.' [*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)]. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))); *Solid*

---

[2] Defendant also points out that Plaintiff's motion fails to comply with Local Rules of Civil Procedure Rule 7.1(c)(1) and (f). Opp'n at 1. In the interest of judicial economy, the Court will not strike the motion, but advises Plaintiff and counsel that compliance with the Local Rules is expected and enforced by the Court, and the Court may impose sanctions for any violation thereof.

[3] The Court has noted that the grounds for a motion for reconsideration enumerated in the local rule are the same as those considered for Federal Rules of Civil Procedure Rule 59(e) motions. *Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021). Thus, the Court includes references and citations to cases analyzing and applying Fed. R. Civ. P. 59(e) in support of its findings and decision herein.

*Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 60 (D.N.J. 2021) (describing the availability of new evidence grounds for granting reconsideration as "evidence not available when the Court issued the subject order has become available") (citing *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)) (other citation omitted))); *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-18 (D.N.J. 2010) ("[T]he moving party has the burden of demonstrating the evidence was unavailable or unknown at the time of the original hearing." (citing *Desantis v. Alder Shipping Co.,* No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.,* No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989))).

> Regarding the third basis given by the rule, this Court has observed:
>
> [U]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021); *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

It is settled law in this jurisdiction that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))); *see also, e.g., Blystone*, 664

F.3d at 415 ("The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case . . . ." (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010))).

The *Matthias* court also instructs that, "because reconsideration 'is an extraordinary remedy,' it should only be granted sparingly." *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *7 (citing *Boldrini v. Wilson*, No. 3:CV-11-1771, 2013 U.S. Dist. LEXIS 22249, at *4-5 (M.D. Pa. Feb. 19, 2013)).

### III. DISCUSSION

Plaintiff asks the Court to reconsider its Order "dismissing its claim for waste with prejudice, and grant Harthman leave to amend its Complaint to more plausibly plead that claim." Mot. at 1. Plaintiff bases its motion upon the availability of new evidence and to prevent manifest injustice.

Plaintiff contends that the evidence it seeks to bring to the Court's attention is new because it was disclosed in discovery by Defendant in March and April of 2023, a year after the filing of the original complaint in March 2022. Mot. at 8. Defendant argues that this evidence is not new: "Plaintiff makes all the same claims regarding needed structural repairs that it originally made, now just adding a touch of detail regarding the specifics of those repairs." Opp'n at 2. In its previous Memorandum Opinion (Mem. Op.) (ECF No. 42), the Court found that Plaintiff's claim basically consisted of a single conclusory statement, "without any other facts demonstrating or describing the injury to the property . . . " which, under the 12(b)(6) standard, the Court was "free to overlook." Mem. Op. at 12. The Court accepts Plaintiff's representation that the facts and allegations it would include to support a claim for waste in an amended complaint constitute new evidence.[4]

At the same time, courts in this judicial circuit have required not only that the evidence be "new," but also that it is of such importance that it "alter the disposition of the case." *Interfaith Cmty. Org.*, 702 F. Supp. 2d at 317 ("To permit reconsideration when new

---

[4] Although Plaintiff does not specifically state that the evidence was discovered after the Court rendered its Mem. Op. and Order (ECF Nos. 42 and 43, respectively), given the fact that the documents were produced in March and April of 2023 and the probability that it took some time for Plaintiff to review the documents and find the relevant evidence, the Court deems the evidence unknown at the time the Court entered the order at issue.

evidence becomes available, the moving party must present new evidence that would alter the disposition of the case." (citing *Church & Dwight Co. v. Abbott Labs.,* 545 F. Supp. 2d 447, 450 (D.N.J. 2008))). Here, the Court finds that the new evidence could help Plaintiff to allege a plausible claim for waste;[5] consequently, the Court may consider the new evidence because it "'would alter the disposition of the case.'" *Glielmi v. Raymond Corp.*, Civil Action No. 095734, 2012 U.S. Dist. LEXIS 156548, at *11 (D.N.J. Nov. 1, 2012) (quoting *Menke v. Baker*, Civil Action No. 10-2585, 2012 U.S. Dist. LEXIS 107405, at *8-9 (D.N.J. Aug. 1. 2012) (citing *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010))).

Because the Court finds that Plaintiff is entitled to reconsideration based upon the availability of new evidence, the Court does not address Plaintiff's other arguments.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff has presented new evidence sufficient to warrant reconsideration of the Court's previous order. Consequently, the Court will grant the motion. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration of Order Dated April 20, 2023[,] and Motion for Leave to Amend the Complaint (ECF No. 46) is **GRANTED**; it is further

**ORDERED** that the Court's Order (ECF No. 43), entered April 20, 2023, is **AMENDED** as follows:

1. Count V (Waste) is **DISMISSED *WITHOUT* PREJUDICE**;
2. Plaintiff may replead a claim for waste;
3. Plaintiff shall file with the Court an amended complaint no later than **January 25, 2024**; and,
4. Defendant shall file an answer or otherwise respond to the amended complaint no later than **February 2, 2024**; it is further

---

[5] Despite the Court's observation that a tort claim for waste and its elements are not well defined in the Virgin Islands, *see* Mem. Op. at 11-12, such observation did not provide the basis for the Court's decision to dismiss Plaintiff's claim. Thus, the Court does not reach the question of the plausibility of any claim for waste Plaintiff may assert at this juncture of the proceedings.

*Harthman Leasing III, LLC v. FirstBank Puerto Rico*
Case No. 3:22-cv-0025
Order
Page 6 of 6

      **ORDERED** that all other provisions of the said Order remain the same and in full force and effect.

**Dated:** January 18, 2024                  */s/ Robert A. Molloy*
                                                                 **ROBERT A. MOLLOY**
                                                                 **Chief Judge**